IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EDWIN KINDELL THOMAS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-08-440-C |
| | ) |
| H. A. LEDEZMA, | ) |
| | ) |
| Respondent. | ) |

**Report and Recommendation**

Mr. Edwin Thomas is a federal prisoner who requests a writ of habeas corpus, and the Respondent seeks summary judgment.[1]  The Court should deny the summary judgment motion.

Procedural Background

The present action stems from the relationship between three criminal cases and the administration of the three sentences.  The first case was in Brazos County, Texas.  For this case, the state trial court imposed a fourteen year sentence and Mr. Thomas obtained parole.  The second case involved a federal conviction and a sentence of 84 months.  The third case was in Burleson County, Texas, and there too Mr. Thomas received a fourteen year sentence.

---

[1] The Respondent filed a motion to dismiss, but relied on evidence outside of the habeas petition.  As a result, the Court converted the motion for dismissal to one for summary judgment. Order (May 22, 2008); *see Alloway v. Jordan*, 69 Fed. Appx. 431, 433 (10th Cir. July 7, 2003) (unpublished op.) (when the movants requested dismissal rather than summary judgment on a habeas petition, the district court should have provided notice and an opportunity to respond prior to consideration of evidence beyond the petition).

The Brazos County parole was ultimately revoked and Mr. Thomas was ordered to serve the remainder of the sentence.

When the Burleson County District Court imposed the fourteen year sentence, it stated that the term would run concurrently with the federal sentence of 84 months. Mr. Thomas went into state custody and presumably thought that while he was serving his time on the Burleson County sentence, he was also serving time on his federal sentence. The problem was that he was not, as federal authorities had not authorized the beginning of the federal sentence.[2]

Mr. Thomas ultimately obtained dismissal of his Burleson County conviction. With the dismissal, the parties disagree over the characterization of the time that Mr. Thomas had already spent in prison. Mr. Thomas claims that his federal sentence should have been credited with this time. The Respondent disagrees, seeking summary judgment on grounds that:

- the time spent in prison on the Burleson County sentence had already been credited toward the parole violator term in Brazos County and

- the federal district court clarified that the federal sentence was not to run concurrently with his state sentence.

The Court should reject both arguments for purposes of summary judgment.

---

[2] *See Bloomgren v. Belaski*, 948 F.2d 688, 691 (10th Cir. 1991) ("The determination by federal authorities that Bloomgren's federal sentence would run consecutively to his state sentence is a federal matter which cannot be overridden by a state court provision for concurrent sentencing on a subsequently-obtained state conviction." (citations omitted)).

Standard for Summary Judgment

The applicable rule is Fed. R. Civ. P. 56(c).  Under this rule, summary judgment is necessary when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[3]  Generally, the Court views the record in the light most favorable to the non-movant.[4]

Mr. Thomas' Potential Right to Credit on the Federal Sentence

Under this standard, the principal issue is Mr. Thomas' potential right to credit toward the federal term for the time served on the Burleson County sentence.  The Respondent argues in part that this time has already been applied to the parole violator term in Brazos County.  The Petitioner does not believe that he has received such credit, and the Court cannot resolve the dispute at the summary judgment stage.

In a brief, the Respondent asserts the factual basis for the summary judgment motion:

> Petitioner's sentence time in question has been applied towards the service of his Texas state violator term imposed in Brazos County on August 11, 1999.  Petitioner is not entitled to credit towards service of his federal sentence for time spent in Texas state custody prior to the date he began service of his current federal sentence as that credit has been applied towards service of his Texas state violator sentence.[5]

---

[3]    Fed. R. Civ. P. 56(c).

[4]    *See*, *e.g.*, *Meshwerks, Inc. v. Toyota Motor Sales U.S.A., Inc.*, 528 F.3d 1258, 1262 (10th Cir. 2008).

[5]    Respondent's Motion to Dismiss with Brief in Support at p. 8 (May 19, 2008).

The Respondent supplies no citation for this factual statement,[6] and his assertion in the brief is not considered part of the summary judgment record.[7]  Summary judgment would be inappropriate in light of the Respondent's failure to support the factual basis of his argument with any supporting evidence.[8]

<u>The Intent of the Federal Judge When He Imposed the Sentence</u>

The Respondent also argues that the federal sentencing judge said, when asked, that he had not intended to run the federal sentence concurrently with the parole violator sentence.  The argument is correct as a factual matter, but the Respondent does not explain the significance and none is readily apparent.

The Petitioner does not suggest that the federal judge had intended to impose a concurrent sentence.  Instead, Mr. Thomas bases his claim on the belief shared by himself, the Burleson County prosecutor, and the Burleson County judge that the sentences were to

---

[6]   The Respondent's exhibits do include a memorandum response to Mr. Thomas' administrative complaint.  Administrative Remedy - Response by Harrell Watts, Administrator, National Inmate Appeals (Oct. 19, 2007).  There Mr. Watts stated that some unspecified "information" had indicated the award of credit for the time against the Brazos County sentence.  Even if the statement in the administrative proceedings were considered admissible, a classic factual dispute would exist in light of Mr. Thomas' contrary statement in the same proceedings.

[7]   *See* LCvR 7.1(j) ("Factual statements . . . appearing only in briefs shall not be deemed to be a part of the record in the case, unless specifically permitted by the Court.").

[8]   The Respondent does present evidence that the federal sentence had been credited with 63 days.  Declaration of Daniel R. Severson, Paralegal Specialist at p. 4 ¶ 15 (May 16, 2008).  This evidence would not affect the habeas claim, as the credit for the 63 days is not in dispute.  The dispute is whether Mr. Thomas should have received credit toward the federal sentence for all of the other time spent in prison on the Burleson County conviction.

run concurrently. The Respondent apparently assumes that the federal judge's intent would prevent habeas relief. But the Respondent never explains this assumption.

## Summary

The Respondent is not entitled to summary judgment. His argument is predicated on the assertion that Texas authorities have credited the time in question against the Brazos County parole violator term. But the Respondent has not pointed to any evidence for this assertion, and a genuine issue of material fact exists on the existence of the alleged credit. This factual issue is not affected by the federal judge's eventual statement that he did not want the federal sentence to run concurrently with a state sentence. In these circumstances, the Court should overrule the motion for summary judgment.

## Notice of the Right to Object

The parties have the right to object to this report and recommendation. To do so, the party must file an objection with the Clerk of this Court. The deadline for objections is August 12, 2008.[9] The failure to timely object would foreclose appellate review of the suggested ruling.[10]

---

[9]   *See* W.D. Okla. LCvR 72.1.

[10]  *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

<u>Status of the Referral</u>

The referral is terminated. If the recommendation is adopted, the undersigned would suggest a new referral for consideration of the merits of the habeas petition.

Entered this 22nd day of July, 2008.

*Robert E. Bacharach*
Robert E. Bacharach
United States Magistrate Judge